**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Milton A.,<br><br>                Petitioner,<br><br>v.<br><br>Sheriff Joel Brott, Sheriff of Sherburne County, MN;<br>David Easterwood, Director of St. Paul Field Office;<br>Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Acting Attorney General of the United States, in their official capacities,<br><br>                Respondents. | Case No. 26-CV-2580 (SRN/EMB)<br><br><br>**ORDER** |

Ernest Wiafe, Ernest Wiafe Law LLC, 6160 Summit Dr. N., Ste. 425, Brooklyn Center, MN 55430, for Petitioner

Carl Berry and David W. Fuller, U.S. Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Respondents

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Petition for a Writ of Habeas Corpus ("Petition") [Doc. No. 1] filed by Petitioner Milton A. Petitioner requests that the Court "order bond . . . so that he may be released from unlawful detention." (Pet. ¶ 3.) Respondents oppose the Petition. (Resp'ts' Opp'n [Doc. No. 5].)

1

The Court has taken the Petition under advisement on the papers. For the reasons set forth below, the Petition is granted as to the request for an individualized bond hearing in Immigration Court.

## I.    BACKGROUND

Milton A. is a resident of Minnesota, and a citizen of Ecuador who has lived in the United States since 2022. (Pet. ¶ 15.) At that time, Petitioner entered the United States without inspection. (*Id.*) On September 18, 2025, the Savage, Minnesota Police Department arrested him for providing a false name to law enforcement, a misdemeanor offense. (Minner Decl. [Doc. No. 6], Ex. B (Form I-831) at 2.) On January 26, 2026, the Dakota County Sheriff's Office arrested him for using a false or fictitious rental or lease agreement, a misdemeanor offense. (*Id.*) On April 18, 2026, the Fridley, Minnesota Police Department arrested him for driving after revocation, for which he received a citation or summons. (*Id.*; *see also* Pet. ¶ 16.)

After his April 18 arrest, U.S. Immigration and Customs Enforcement ("ICE") conducted a records check and issued an administrative warrant for his arrest under the Immigration and Nationality Act ("INA") § 236. (Minner Decl. ¶ 7.) Milton A. was released to ICE's custody, and following a formal interview, ICE determined that he should instead be detained under INA § 235. (*Id.* ¶ 8.) ICE served Milton A. with a Notice to Appear, asserting that he had unlawfully entered the United States without being admitted or paroled. (*Id.*) After Milton A. accepted service of the Notice to Appear, ICE transferred him to the Sherburne County Jail in Elk River, Minnesota, where he remains in immigration detention. (*Id.* ¶ 17; *see also* Minner Decl. ¶ 10.)

2

Although Milton A. is held in ICE custody pending removal proceedings, he alleges that he is eligible for relief from removal based on asylum claims. (Pet. ¶ 18.) He was scheduled to appear in Immigration Court for a master calendar hearing on May 19, 2026. (*Id.* ¶ 19.)

On May 12, 2026, Milton A. filed the instant Petition in which he asserts that his detention is unlawful under the Due Process Clause of the Fifth Amendment. (*Id.* ¶¶ 22–41.) He further contends that because his detention falls under 8 U.S.C. § 1226, his detention is statutorily unlawful because he was detained without a warrant, as the statute requires, and his detention violates the Administrative Procedure Act, 5 U.S.C. § 706. (*Id.* ¶¶ 42–49.) Petitioner requests that the Court order bond for him and immediately release him. (*Id.* ¶ 3; 12.)

The Court ordered Respondents to answer the Petition by May 15, 2026, and enjoined them from moving Petitioner from this District pending further order. (Order to Show Cause [Doc. No. 3] ¶¶ 1, 4.) Respondents timely filed their Response [Doc. No. 5], along with the Declaration of Deportation Officer Angela Minner, and four accompanying exhibits [Doc. Nos. 6-1 – 6-4]. Petitioner did not file an optional reply memorandum.

## II.    DISCUSSION

A district court may grant a writ of habeas corpus to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## A. Fifth Amendment Due Process

Respondents argue that Milton A. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), relying on the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).[1]   (Resp'ts' Opp'n at 2–3.)   In *Avila*, a divided panel of the Eighth Circuit interpreted § 1225(b)(2)(A) to require the mandatory detention of any noncitizen present in the United States who has not been admitted, regardless of whether they have just arrived at the border or have been present in the interior of the country for some time, like Petitioner.   170 F.4th at 1135–38.   While the Fifth Circuit has also interpreted § 1225 consistent with the Eighth Circuit, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Sixth, Eleventh, and Second Circuits have reached the opposite conclusion, finding that persons who have been in the country and are not newly arrived at the border fall under 8 U.S.C. § 1226, and are entitled to a bond hearing.   *Lopez-Campos v. Raycraft*, --- F.4th ---, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026);  *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *5–22 (11th Cir. May 6, 2026); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).[2]

---

[1] On May 26, 2026, Mr. Avila petitioned the Eighth Circuit for en banc rehearing and also for rehearing by the panel. *Avila*, No. 25-3248, Pet. for Rehr'g (8th Cir. May 26, 2026).

[2] A recent decision from the Seventh Circuit was divided on the §§ 1225/1226 issue. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2025).  In *Castañon-Nava*, the government challenged the district court's extension of a consent decree and an order to release certain class members whose arrests potentially violated 8 U.S.C. § 1357(a)(2). *See id.* at *1.  Judge Lee, writing the majority opinion, engaged in §§ 1225/1226 statutory analysis and rejected the government's alternative argument that it could detain class members under § 1225(b)(2)(A). *Id.* at *9–21.  However, the concurring opinion found it unnecessary to

While *Avila* addressed a noncitizen's statutory rights, it did not address his due process rights.  170 F.4th at 1140 & n.8 (Erickson, J., dissenting).  As noted, Milton A. invokes the Due Process Clause in support of his request for relief.  (Pet. ¶¶ 31–38.) Noncitizens are entitled to due process of the law under the Fifth Amendment.  *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Sanchez-Valasco v. Holder*, 593 F.3d 733, 737 (8th Cir. 2010).  To determine whether civil detention violates a detainee's Fifth Amendment due process rights, courts apply the three-part balancing test in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  Under *Mathews*, courts weigh the following three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. at 335.

Respondents argue Petitioner "is asking this Court to override Congress's substantive judgment that all applicants for admission must be detained regardless of whether they are dangerous or flight risks," and that "[i]ndividualized findings about flight risk and danger are irrelevant to § 1225(b)(2)."  (Resp'ts' Opp'n at 6.)  Respondents rely on *Demore v. Kim*, in which the Supreme Court rejected the argument that mandatory detention pending removal violates a noncitizen's due process rights.  In *Demore*, the

---

reach the alternative argument, *id.* at \*26 (Pryor, J., concurring), and the dissenting opinion disagreed with Judge Lee's statutory analysis, *id.* at \*34 (Kirsch, J., dissenting).

Supreme Court addressed mandatory detention pending removal under § 1226(c) involving a noncitizen with criminal convictions for first-degree burglary and petty theft.  538 U.S. at 513.  The Supreme Court held that "detention under Section 1226(c) has a definitive end-point—the end of the removal proceedings—and thus a noncitizen is not subject to indefinite detention."  *Id.* at 529.

Respondents argue that the *Mathews*' balancing test is therefore unnecessary, relying upon *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024), in which the Eighth Circuit rejected a procedural due process claim brought by a noncitizen who was detained under § 1226(c).  The petitioner had a lengthy criminal history that included theft, lying to the police, drug possession, and robbery with a dangerous weapon.  *Id.* at 930.  The Eighth Circuit pointed to Supreme Court authority in *Demore*, 538 U.S. at 528, and *Zadvydas*, 533 U.S. at 682, finding that they "leave no room for a multi-factor 'reasonableness' test."  *Banyee*, 115 F.4th at 933.  Thus, the court found the petitioner was not entitled to an individualized review.  *Id.* at 933–34.

The Court respectfully disagrees with Respondents' arguments.  As to *Banyee*, "it is not clear that *Banyee* applies to the facts of this case."  *Axel J.M.C. v. Stanski*, No. 26-cv-2281 (JRT/EMB), 2016 WL 1171344, at *3 (D. Minn. Apr. 29, 2026) (citing *Orlando R.V.V. v. Blanche*, No. 26-cv-1903, Doc. No. 11 (D. Minn. Apr. 28, 2026)).  Mandatory detention under 1226(c) applies to certain noncitizens who have committed enumerated criminal offenses and to certain categories of inadmissible people.  8 U.S.C. § 1226(c)(1)(A)–(E).  In *Demore*, the Supreme Court explained that "Congress, justifiably concerned that deportable criminal [noncitizens] who are not detained continue to engage

in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings" under § 1226(c).  538 U.S. at 513.  Thus, the Court concluded that detaining such noncitizens for the time necessary to process their removal, without an individualized determination of flight risk, did not violate the Due Process Clause.  *Id.* at 522–31.

Respondents' purported basis for Milton A.'s detention is § 1225(b)(2)(A), not § 1226(c), which distinguishes this case from *Banyee* and *Demore*.  Only recently has the Government interpreted § 1225(b)(2)(A) to permit mandatory detention.  *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025); *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  There is no indication that Milton A., whom Respondents originally detained under § 1226, but have now categorically detained under § 1225(b)(2)(A), (Minner Decl. ¶¶ 7–8), has ever failed to appear in court related to his driving-related misdemeanor charges, engaged in violent criminal activity, or failed to appear for immigration-related matters.  Accordingly, the Court proceeds to address the merits of Milton A.'s due process claim under *Mathews*, 424 U.S. at 335.

**B.  Due Process Analysis**

As to the first *Mathews* factor—the private interest affected by the official action—"[t]he interest in being free from physical detention" is "the most elemental of liberty interests."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 531 (2004).  Petitioner is currently in custody in the Sherburne County Jail, at which pretrial criminal detainees and convicted criminals are also held.  *See Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2005) (stating that under the first *Mathews* factor, courts "consider the conditions under

which detainees are currently held, including whether a detainee is held in conditions indistinguishable from criminal incarceration."). He also has a strong interest in remaining in the United States, as he lives with and provides financial support for his family members. (Pet. ¶ 15.) He has lived in the United States for over three years, having arrived in 2022. (*Id.*) Given the significance of the private interest at stake, the Court finds that the first *Mathews* factor favors Milton A.

As to the second *Mathews* factor—the risk of erroneous deprivation—courts must "assess whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Günaydin*, 784 F. Supp. 3d at 1187. Given the "extent and velocity of Respondents' immigration-related actions in Minnesota over the past several months," there is a high degree of risk of the erroneous deprivation of Milton A.'s private rights. *See Axel J.M.C.*, 2026 WL 1171344, at *4. Providing Milton A. a bond hearing is an alternative procedure that would ameliorate the risk of erroneous deprivation. The Court finds that this factor also favors Milton A.

As to the third *Mathews* factor—the burden the Government would bear in affording additional procedural safeguards—while the Court appreciates the importance of ensuring attendance at removal proceedings and protecting the public, those interests are not subverted by requiring the minimal procedural safeguard of a bond hearing. An immigration judge will consider Milton A.'s particular circumstances, along with the Government's interests, in determining whether release on bond is appropriate. Thus, a bond hearing will reduce the risk of erroneous deprivation without imposing significant

8

burdens on Respondents.  The Court finds that consideration of the third *Mathews* factor favors Petitioner.

In sum, the *Mathews* factors weigh in Petitioner's favor.  As courts have found, the appropriate remedy is an individualized bond hearing.  *See, e.g., Heriberto R.E. v. Blanche*, No. 26-cv-2227 (JWB/LIB), No. 12 at 8 (D. Minn. May 1, 2026); *Axel J.M.C.*, 2026 WL 1171344, at *4; *Orlando R.V.V.*, Doc. No. 11 at 20–21; *David J.C.P. v. Blanche*, No. 26-cv-2181 (DWF/ECW), 2026 WL 1102725, at *3 (D. Minn. Apr. 23, 2026); *Osman J.M.A. v. Blanche*, No. 26-cv-2123 (DWF/DJF), 2026 WL 1005056, at *3 (D. Minn. Apr. 14, 2026).  Petitioner requests that the Court "order bond" so that he may be released from unlawful detention.  (Pet. ¶ 3.)  To the extent he asks this Court to directly "order bond," the Court lacks the authority to do so, as such determinations are made by the Immigration Court.  However, to the extent he asks the Court to order a bond hearing in Immigration Court, the Court possesses authority to grant such relief.  Accordingly, his request is granted as to the right to a bond hearing in Immigration Court.

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. The Petition for Writ of Habeas Corpus [Doc. No. 1] is **GRANTED** as follows:

   a. Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment.

b. Respondents shall provide Petitioner with a bond hearing before an Immigration Judge in Minnesota within **7 business days** of this Order.

c. Respondents remain **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota before the bond hearing and the Immigration Judge's ruling.

d. If Respondents do not provide Petitioner with a bond hearing as required by this Order, Petitioner must be immediately released from detention.

> (1) In the event that Respondents release Petitioner, they must do so: (a) in Minnesota; (b) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (c) without any new conditions on release, including but not limited to requiring Petitioner to sign a new "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program; (d) without any tracking devices or use of a tracking application; and (e) with all clothing and outerwear he was wearing at the time of detention, or other proper attire.

> (2) In addition, Respondents shall provide reasonable advance notice to Petitioner's counsel to arrange for his safe release. Petitioner's counsel is Ernest Wiafe and can be reached at 651-321-4713; ernestwiafelaw@gmail.com.

e. By 5:00 p.m., two days after the bond hearing, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required.

10

11

Dated: May 28, 2026                              s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge

11